Tammy Hussin (Bar No. 155290)
Lemberg & Associates, LLC
6404 Merlin Drive
Carlsbad, CA 92011
Telephone (855) 301-2100 ext. 5514
thussin@lemberglaw.com

Lemberg & Associates, LLC
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Felicia Clark

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Felicia Clark,<br><br>  Plaintiff,<br><br>vs.<br><br>Caine & Weiner Company, Inc.; and DOES 1-10, inclusive,<br><br>  Defendants. | Case No.: CV12-8867-E<br><br>**COMPLAINT FOR DAMAGES**<br>**1. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET. SEQ;**<br>**2. VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788 ET. SEQ.**<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT FOR DAMAGES

For this Complaint, the Plaintiff, Felicia Clark, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Felicia Clark (hereafter "Plaintiff"), is an adult individual residing in Wisconsin, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Caine & Weiner Company, Inc. ("Caine"), is a California business entity with an address of 21210 Erwin Street, Woodland Hills, California 91367-3714, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Caine and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Caine at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Caine for collection, or Caine was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Caine Engages in Harassment and Abusive Tactics

12. Within the last year, Caine contacted Plaintiff in an attempt to collect the Debt.

13. During the initial conversations, Plaintiff advised Caine that she could not immediately pay the Debt due to financial problems. In response, Caine frequently told Plaintiff that it would file legal action against her if the Debt was not immediately paid.

14. Plaintiff did not make an immediate payment as demanded by Caine, and Caine did not file suit as threatened.

15. Sometime thereafter, in or around March of 2012, Plaintiff's financial condition improved slightly and she contacted Caine to discuss payment arrangements. Caine told Plaintiff that unless the Debt was paid in full by May, it would file litigation against her. Caine furthe demanded that at least half of the balance, $914.00, be immediately paid or litigation would be immediately instituted against her.

16. In fear of litigation, Plaintiff obtained a loan in the sum of $914 and paid said sum to Caine in April of 2012, and stated to Caine that she would try to obtain the remaining half of the Debt for payment the following month.

17. In May, Plaintiff realized that she had no financial ability to pay the remaining balance as demanded by Caine, and instead mailed a payment of $25 to Caine.

18. Plaintiff then contacted Caine to advise that she had sent the payment of $25 and explained that she could not afford to pay the remaining half of the Debt.

Caine and advised her that the $25 payment would not be accepted, and that a law suit would be filed unless she paid the remaining balance of $914 immediately. Plaintiff again stated that she had no financial ability to pay the entire balance. In response Caine told Plaintiff that it was sending her account "to the lawyer."

19.     Shortly thereafter, Plaintiff contacted Caine to inquire whether she should cancel the $25 check she had written to Caine. Caine then told Plaintiff that her $25 check would be processed, but that the remaining balance of the Debt must be paid immediately or litigation would ensue.

20.     Plaintiff alleges on information and belief that Defendant had no intention to file litigation and used the repeated threats to intimidate Plaintiff into making payments.

21.     Plaintiff further alleges on information and belief that Caine had no legal ability to institute legal action against Plaintiff as it had no attorney licensed in Georgia, the state in which Plaintiff resided at the time the threats were made.

22.     The repeated threats of litigation throughout Plaintiff's conversations with Caine caused her a great deal of fear, anxiety, and distress.

23.     During the initial contacts, Caine advised Plaintiff that the amount of the Debt was $1,828.78; however, Caine reported the Debt on Plaintiff's credit report in the amount of $1372.

24. After Plaintiff made the aforementioned payment in the sum of $914 to Caine, Plaintiff inquired about the discrepancy between the amount stated on her credit report and the larger amount demanded by Caine. In response to her inquiry, Caine told Plaintiff that she also owed an "early termination fee" in the amount of $457, but Caine did not add the fee to the balance stated in Plaintiff's credit report as a "favor" to her.

25. Plaintiff is informed and believes and thereon alleges that when the Creditor assigned the Debt to Caine, the stated balance was in the sum of $1371.60.

26. Plaintiff is informed and believes and thereon alleges that Caine added the "early termination fee" to the amount of the Debt after it was assigned to Caine for collection.

27. Plaintiff is informed and believes and thereon alleges that the "early termination fee" was not authorized by contract or law, and that Caine unlawfully added the fee to the balance of the Debt. Moreover, the different balances communicated by Caine was in and of itself confusing and misleading to Plaintiff.

28. During many calls with Plaintiff, Caine used a loud and aggressive tone in an effort to intimidate Plaintiff into making immediate payment, often times yelling at Plaintiff and using a condescending tone. During one call, in response to Plaintiff informing Caine that she had retained counsel in an effort to stop the collection abuse, Caine yelled at Plaintiff, causing her to feel oppressed and humiliated.

# COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

29. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

31. Defendants made false and deceptive and misleading representations as a means to collect the debt, in violation of 15 U.S.C. § 1692e.

32. The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the amount of the Debt.

33. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so and without the legal ability to do so.

34. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

35. The Defendants used an unfair and unconscionable means to collect the Debt in violation of 15 U.S.C. § 1692f.

36. The Defendants attempted to collect an amount not authorized by the agreement creating the debt, in violation of 15 U.S.C. § 1692f(1).

37. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

38. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 et seq.

39. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

41. Caine & Weiner Company, Inc., in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

42. The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, et seq., in violation of Cal. Civ. Code § 1788.13(e).

43. The Defendants falsely represented that a legal proceeding had been or was about to be instituted unless the debt was paid immediately, in violation of Cal. Civ. Code § 1788.13(j).

44. The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

45. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

E. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

F. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent

invasions of privacy and intentional infliction of emotional distress in an amount to be determined at trial for the Plaintiff;

G. Punitive damages; and

H. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  October 10, 2012        TAMMY HUSSIN

By:_____
Tammy Hussin, Esq.
Lemberg & Associates, LLC
Attorney for Plaintiff, Felicia Clark

Tammy Hussin
Lemberg & Associates, LLC
6404 Merlin Drive
Carlsbad, California 92011
Telephone: (855) 301-2100 Ext. 5514
Facsimile: (203) 653-3424

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Felicia Clark<br><br>PLAINTIFF(S)<br>v.<br><br>Caine & Weiner Company, Inc.; and DOES 1-10, inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV12-8867-E<br><br><br>SUMMONS |

TO: DEFENDANT(S): Caine & Weiner Company, Inc.

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Tammy Hussin, of counsel Lemberg & Associates, whose address is 6404 Merlin Drive, Carlsbad, CA 92011. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: OCT 16 2012

By: MARILYN DAVIS
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)            SUMMONS